**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRANDY ROBERTS, formerly Ingram,   ) | |
|                     ) | |
|         Plaintiff,   ) | |
|                     ) | |
| v.                    ) | Case No. CIV-13-307-M |
|                     ) | |
| SOUTHWEST YOUTH AND FAMILY   ) | |
| SERVICES, INC. and STANLEY EUGENE   ) | |
| WILSON, JR., individually and in his official   ) | |
| capacity,   ) | |
|                     ) | |
|         Defendants.   ) | |

**ORDER**

Before the Court is Defendant Southwest Youth and Family Services, Inc.'s ("Southwest")

Motion to Dismiss Plaintiff's Complaint, filed May 9, 2013. Plaintiff's response was filed on May

24, 2013, and Southwest's reply was filed on May 31, 2013. Based upon the parties' submissions

the Court makes its determination.

I.    Introduction

In April 2011, plaintiff was a participant and under the jurisdiction of the Caddo County,

Oklahoma Drug Court. Plaintiff alleges that while under the jurisdiction of the Drug Court in March

through July, 2011, she was subjected to improper sexual conduct by defendant Stanley Eugene

Wilson, Jr. ("Wilson"), her drug court coordinator. Plaintiff contends that Southwest, operating as

a governmental entity under contract with the Oklahoma State Department of Mental Health and the

Caddo County District Attorney's office pursuant to Okla. Stat. tit. 22, §§471.1 et seq., selected

Wilson as the drug court coordinator. Plaintiff contends that Wilson while, exercising the powers

delegated to him by the State, beginning around the end of March or the first of April, 2011,

coerced, extorted and compelled sexual conduct with her.  Plaintiff contends Wilson's conduct

continued through approximately the beginning of July 2011.  Plaintiff asserts that Southwest is

liable for Wilson's actions because it had prior notice of inappropriate behavior by Wilson towards

other female participants in Drug Court and was warned about the risk and impropriety of Wilson's

unsupervised home visits and contact with such females.   Plaintiff asserts that Southwest is liable

by virtue of its negligent supervision and retention of Wilson.  Specifically, plaintiff asserts that

Southwest ignored the risk and warnings and acted with either deliberate indifference or reckless

disregard creating the danger causing injury to plaintiff.   Plaintiff alleges Southwest's conduct

constitutes violations of 42 U.S.C. § 1983 and state law.

Southwest contends it cannot be liable for Wilson's alleged sexual assault under Oklahoma

law or § 1983.  Southwest contends that employer liability under § 1983 cannot be based upon

respondeat superior because an employer does not possess the required intent to deprive another of

a constitutional right.  Southwest also asserts that as a governmental entity, it is entitled to sovereign

immunity, and that plaintiff has failed to comply with the notice and pleading requirements of the

Oklahoma Governmental Tort Claims Act ("GTCA").[1]

## II.    Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6),

the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the

---

[1]Plaintiff concedes in her response that her claims for the torts of assault and battery are
barred by the one-year statute of limitations.

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

A. Section 1983

Plaintiff alleges violation of 42 U.S.C. § 1983 by Southwest. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "Liability cannot be imposed on an entity under section 1983 based on the doctrine of respondeat superior." *Briggs v. Oklahoma*, 472 F. Supp. 2d 1304, 1313 (W.D. Okla. 2007); *Monell v. N.Y.C. Dep't of Soc. Serv.[s],* 436 U.S. 658 (1978). Thus, to the extent that plaintiff has sought to impose liability on Southwest based on Wilson's conduct, Southwest is entitled to dismissal of this claim.

Plaintiff also alleges Southwest is liable under § 1983 because it had prior notice of inappropriate behavior by Wilson towards the females he supervised and that Southwest ignored the

risks and warnings and thereby created the danger that resulted in plaintiff's injury. Plaintiff fails to submit any factual support for its conclusory allegation that Southwest was warned or given notice of prior inappropriate behavior by Wilson. Plaintiff does state in her complaint that Southwest, "a governmental entity . . . exercising authority vested in [it] by State law" is liable for its government employees' sexual assaults on plaintiff. Plaintiff contends such assaults are a violation of plaintiff's Fourth and Fourteenth Amendment rights and, therefore, Southwest is directly liable under 42 U.S.C. § 1983.

In her Complaint, plaintiff states she is suing Southwest and Wilson as government actors and that at all times Southwest was operating as a governmental entity exercising authority vested by State law. *See* Complaint at p. 2. Plaintiff also states the Drug Court program, a governmental branch exercising governmental powers under Okla. Stat. tit. 22 §§ 471.1 et seq., delegated certain administrative responsibilities to Southwest. Plaintiff alleges that Southwest failed to supervise Wilson during home visits of females under his charge and that Southwest was somehow warned of the possible risk that its employee would assault plaintiff causing her injury.

Southwest asserts it cannot be liable for the alleged sexual assault by its employee under § 1983 because any employee that commits a sexual assault, as alleged herein, is not acting within the scope of his employment. *See Schovanec v. Archdiocese of Okla. City,* 188 P.3d 158 (Okla. 2008). Southwest also asserts that plaintiff has failed to allege Southwest possessed the required intent to deprive plaintiff of a constitutional right or that Southwest was somehow personally involved or participated in the alleged deprivation. *See Briggs*, 427 F. Supp. 2d at 1292.


"It is firmly established that a defendant in a § 1983 suit acts under color of state law when

he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins,* 487 U.S. at 50 (internal citations omitted). In order to prevail under § 1983 a plaintiff is also required to plead facts demonstrating that each defendant participated in conduct while acting under the color of law, resulting in the alleged deprivation of plaintiff's constitutional rights. *See N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). Additionally, to hold Southwest, a governmental body liable, plaintiff must demonstrate that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer," such that an official policy is responsible for a deprivation of constitutional rights. *Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658, 690 (1978). It is also clear that government entities such as Southwest can be sued "for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 691.

The Court, upon review of plaintiff's Complaint, finds plaintiff has failed to present any factual support of wrong doing by Southwest or factual basis for imposition of § 1983 liability. Rather, plaintiff simply makes conclusory allegations that Southwest's failure to properly supervise its governmental employee violates her constitutional rights. Plaintiff makes no reference to any policy or custom promulgated by Southwest or that the Southwest is responsible for the alleged deprivation of plaintiff's constitutional rights. Additionally, plaintiff has failed to assert Southwest possessed the required intent to violate plaintiff's rights as alleged. Accordingly, the Court grants Southwest's motion to dismiss plaintiff's § 1983 claim.

B.    Time Limitation of State Law Claims

Plaintiff also asserts several state law claims against Southwest, including assault and battery, intentional or negligent infliction of emotional distress and negligent supervision and retention of Wilson.   Plaintiff contends that while Southwest, during all relevant times, was "operating as a governmental entity and exercising authority vested in [it] by State law", more facts are needed before it can be determined whether Southwest is entitled to governmental immunity. Complaint, at page 2.   Southwest contends because plaintiff makes no reference to having met the notice requirements of the GTCA prior to the filing of this lawsuit,  plaintiff's tort claims are barred.

The GTCA, the exclusive vehicle of recovery against an Oklahoma non-exempt governmental entity, requires that all claims against defendants be raised within one year of their occurrence or forever be barred.   Okla. Stat. tit. 51, § 156(A).   Plaintiff alleges that beginning the end of March or early April, 2011, Southwest's employee "using his position of power granted by his state conferred title and authority, coerced, extorted and compelled sexual conduct with the Plaintiff."   Complaint, at page 2.   Because any claims arising prior to March 29, 2012 are time-barred, Southwest contends that plaintiff may not bring her state law tort claims.   Plaintiff counters that more facts are needed to determine whether Southwest, a governmental entity, is entitled to governmental immunity.

The Court, having carefully reviewed the submissions of the parties, finds that Southwest is a governmental entity as defined by the GTCA and at all times relevant, was acting pursuant to State law.   *See* Okla. Stat. tit. 51, § 152(11)(o).   Because it remains uncontested that plaintiff has failed to meet the notice requirements of the GTCA,  plaintiff's tort claims are  are barred.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS Defendant Southwest Youth and Family Services, Inc.'s Motion to Dismiss Plaintiff's Complaint [docket no. 7] and DISMISSES all claims against Southwest Youth and Family Services, Inc.

**IT IS SO ORDERED this 23rd day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE