IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDY ROBERTS, formerly Ingram, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-307-M |
| | ) | |
| SOUTHWEST YOUTH AND FAMILY SERVICES, INC. and STANLEY EUGENE WILSON, JR. Individually and in his official capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Southwest Youth and Family Services, Inc.'s ("Southwest") Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support, filed April 14, 2014. On May 5, 2014, plaintiff responded, and on May 12, 2014, Southwest replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

In April 2011, plaintiff was a participant and under the jurisdiction of the Caddo County, Oklahoma Drug Court. Plaintiff alleges that while under the jurisdiction of the Drug Court in March through July, 2011, she was subjected to improper sexual conduct by defendant Stanley Eugene Wilson, Jr. ("Wilson"), her drug court coordinator. Plaintiff further alleges that Southwest was, at all times, operating under contract with the Oklahoma State Department of Mental Health and the Caddo County District Attorney's office pursuant to Okla. Stat. tit. 22, §§471.1 et seq., and was "delegated the authority to supervise the Drug Court participants and report the participant's activities and violations to the Drug Court Team, District Attorney and to the Court." Am. Compl. ¶ 6. Plaintiff alleges that Wilson, while exercising the powers delegated

to him by the State, beginning around the end of March or the first of April, 2011, coerced, extorted, and compelled sexual conduct with her. Further, plaintiff alleges that Wilson's conduct continued through approximately the beginning of July 2011.

Plaintiff alleges that as a result of Wilson's alleged conduct her Fourth and Fourteenth Amendment rights of bodily integrity and equal protection of the law have been violated and, therefore, she has an action under 42 U.S.C. § 1983. Plaintiff also alleges that such actions are a violation of the Oklahoma Constitution Article 2, §§ 6, 7, 9, and 30 and that:

> 11. Southwest is liable for Wilson's actions because it had prior notice of inappropriate behavior by Wilson towards females under his charge and was warned about the risk and impropriety of Wilson conducting unsupervised home visits and contact with such females. Southwest ignored such risks and warnings and thereby in violation of its duty to hire competent employees and to engage in the care of the supervision of such employees to avoid and prevent the misuse of delegated power. The basis for such liability is
> A. Southwest's negligent supervision and retention of Mr. Wilson;
> B. Failure to exercise reasonable care in allowing supervisory males to engage in unsupervised visits or home contacts in [sic] that the misuse of authority of such persons is reasonably foreseeable; and
> C. Because Mr. Wilson was aided in the accomplishment of the torts by the authority invested in Mr. Wilson by the Defendant.
>
> 12. In failing to engage in the careful hiring, supervision and retention of its employees, Southwest was directly guilty of:
> A. A malicious wrong,
> B. Either reckless, intentional or negligent infliction of emotional distress.

*Id.* ¶¶ 11 & 12. Further, plaintiff alleges that the Governmental Torts Claims Act ("GTCA") does not shield Southwest from liability since the alleged actions of Southwest, as they pertain to plaintiff, did not constitute the acts of any political subdivision identified by the GTCA.

2

Southwest now moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss plaintiff's alleged claims for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Specifically, Southwest asserts that: (1) it is entitled to absolute judicial immunity; (2) to the extent plaintiff brings this suit against Southwest in its official capacity as a state entity, it is entitled to sovereign immunity; (3) it cannot be held liable under the doctrine of *respondeat superior* for the alleged tortious conduct and constitutional violations of its employee, Wilson; and (4) plaintiff's direct tort claims against Southwest are barred by the GTCA.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

3

enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

Southwest asserts that it is entitled to absolute judicial immunity because it was acting as the administrator and supervisor of the Cado County Drug Court during the time plaintiff alleges Southwest committed the alleged tortious and unconstitutional acts. The Oklahoma Drug Court Act authorizes district courts in Oklahoma to establish a drug court program. *See* Okla. Stat. tit. 22, § 471.1(B). A drug court is "an immediate and highly structured judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the plea agreement in lieu of incarceration." Okla. Stat. tit. 22, § 471.1(A). Further,

> [d]rug court programs shall require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems. Whenever possible, a drug court team shall be designated consisting of a judge to administer the program, a district attorney, a defense attorney, and other persons designated by the drug court team who shall have appropriate understanding of the goals of the program and of the appropriate treatment methods for the various conditions. The assignment of any person to the drug court team shall not preclude the assigned person from performing other duties required in the course of their office or employment.

Okla. Stat. tit. 22, § 471.1(D).

"[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts . . . is involved. . . . [A]bsolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)) (internal quotation marks omitted). Southwest contends that "[p]laintiff's claims against Southwest stem solely from its official duties for the court and for the Drug Court Program" and that "[t]hese actions are integrally connected with the judicial process pursuant to Oklahoma's Drug Court Act." Mot. to Dis. at 8 – 9.

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that Southwest is entitled to absolute judicial immunity and plaintiff's 42 U.S.C. § 1983 claim, Oklahoma Constitution claims, and tort claims should be dismissed against Southwest and against Wilson in his official capacity as drug court coordinator. Plaintiff, in her response, failed to respond to Southwest's contention that it is entitled to absolute judicial immunity other than to assert that Southwest "is arguing immunity based on a designation unrelated to the claims, functions and events at issue in this case." Plf.'s Resp. at 2. In her Amended Complaint, plaintiff alleges the following:

> 5. In April 2011, the Plaintiff was a person within the jurisdiction of Caddo county drug court, which in all pertinent regards was administered by the Defendant Southwest Youth and Family Services Inc.
>
> 6. Southwest was, at all times, operating under contracts with the Oklahoma State Department of Mental Health and the District Attorney's office. Under this contracts, [sic] Southwest was delegated the authority to supervise the

> Drug Court participants and report the participant's activities and violations to the Drug Court Team, District Attorney and the Court.

Am. Compl. ¶¶ 5 & 6. The Court finds that plaintiff alleges that Southwest was operating as a drug court at all times while the alleged events occurred in this case and, therefore, plaintiff's claims against Southwest and against Wilson in his official capacity as the drug court coordinator should be dismissed.

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant Southwest Youth and Family Services, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [docket no. 32] and DISMISSES plaintiff's claims against Southwest and Wilson in his official capacity as the drug court coordinator.

**IT IS SO ORDERED this 5th day of December, 2014.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE